UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN T. ALLEN,

    Plaintiff,

v.                                          Case No. 3:23cv7229-MCR-HTC

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jonathan T. Allen, an inmate at the Escambia County Jail proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 14. This matter has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla Loc. R. 72.2(C). Upon review of the complaint, and for the reasons stated below, the undersigned recommends that Plaintiff's complaint be DISMISSED WITH PREJUDICE because Plaintiff's allegations are wholly nonsensical and even under the most liberal reading do not state a claim for which relief can be granted.

**I.    Background**

Plaintiff sues three defendants—the United States of America, the Federal Bureau of Investigation ("FBI"), and the Department of Justice. He alleges that, since 2014, "a group of unknown individuals" has used "intelligence sound waves

and the pounds of pressure behind them" to "taunt" and "physically torture" him. ECF Doc. 14 at 5.  In 2017, an individual talking to Plaintiff "using intelligence sound waves" withdrew $200 from Plaintiff's Direct Express account by telephone, then put $150 back into the account.  *Id.*  Plaintiff claims: "The individuals use broadcasting satellites to commit the[i]r crime.  Each satellite has 4 pounds of pressure, and it only takes 4.4 pounds to send a person into cardiac arrest." *Id.* at 9. He suggests these events are linked to his childhood exploitation on the dark web. *Id.* at 7.

Plaintiff alleges he alerted the FBI to this activity and the FBI is conducting an ongoing criminal investigation.  However, Plaintiff faults the FBI for not protecting him and for not allowing him to participate in the investigation.

Based on the foregoing, Plaintiff claims a "violation of the crime victims rights act, the right to be protected from [his] perpetrators, to be treated with fairness, right to meet with defendant's attorneys, [and a] violation of the justice for all act." ECF Doc. 14 at 11.  As relief, he seeks to be involved in the investigation regarding the unknown individuals who torture him through soundwaves, monetary damages of $24,000, and recovery of the $350 filing fee.

## II.   Legal Standard

Because Plaintiff is a pretrial detainee proceeding *in forma pauperis* and seeking relief from the federal government and its agencies the Court must dismiss

his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the litigant is filing *pro se*, the court must liberally construe the complaint's allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

#### A. Plaintiff has no constitutional right to protection or to participate in an investigation.

Plaintiff asserts that he has a right under the U.S. Constitution to be protected from the "unknown individuals," and to be involved in the criminal investigation related to these individuals. ECF Doc. 15 at 6-7. However, a private citizen like Plaintiff "has no judicially cognizable interest in the prosecution or non-prosecution of another," *Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)), and the Court does not have the authority to regulate investigations undertaken by the federal government. *See Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) ("The district court also

correctly concluded that it was without authority to order an investigation to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary.") (citation omitted). Furthermore, under the facts alleged, the federal government has no constitutional duty to protect Plaintiff from the "intelligence sound waves."[1] *Cf. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). Thus, Plaintiff cannot state a constitutional claim regarding the scope or efficacy of the FBI's investigation.

### B. Plaintiff cannot state a claim under the Crime Victims' Rights Act ("CVRA").

Plaintiff also seeks relief under the CVRA, 18 U.S.C. § 3771, which is part of the Justice for All Act of 2004. However, there are no criminal charges pending against the unknown individuals who are allegedly harming Plaintiff, and the CVRA "does not authorize a victim to seek judicial enforcement of [his] CVRA rights in a

---

[1] The undersigned recognizes local governments do have a constitutional duty to protect the safety of pretrial detainees. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) ("A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment.") (citation omitted). However, putting aside the nonsensical nature of Plaintiff's factual allegations, his claims are not based on events unique to the jail, as he asserts the alleged criminal activity began in 2014 and "started before incarceration." Moreover, the federal entities named as Defendants are not responsible for the operations of the Escambia County Jail.

freestanding civil action." *In re Wild*, 994 F.3d 1244, 1247, 1257 (11th Cir. 2021) (holding §3771(d) "does not create a private right of action by which a victim can initiate a freestanding lawsuit, wholly unconnected to any preexisting criminal prosecution and untethered to any proceeding that came before it"). And 18 U.S.C. § 3771(d)(6) specifically states "[n]othing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages." Plaintiff, therefore, has no basis for pursuing relief under the CVRA.

## IV. Conclusion

For the reasons set forth above, Plaintiff's complaint fails to state a viable claim for relief. Considering the fantastical nature of Plaintiff's factual allegations, and the frivolous nature of his legal claims, giving Plaintiff an opportunity to amend the complaint would be futile, and this case should be dismissed with prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Case No. 3:23cv7229-MCR-HTC

Case 3:23-cv-07229-MCR-HTC   Document 15   Filed 06/22/23   Page 6 of 6

Page 6 of 6

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2. That all pending motions, ECF Docs. 10 & 13, be DENIED AS MOOT.

3. That the clerk close the file.

At Pensacola, Florida, this 22ⁿᵈ day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:23cv7229-MCR-HTC